TRUSTEES OF GERMAN EVANGELICAL SOC. OF ST. CLOUD *vs.* R. L. HENSCHELL *et al.*

Submitted on briefs Feb. 4, 1892. Decided March 7, 1892.

Finding of fact *held* not sustained by the evidence.

Appeal by plaintiff, the Trustees of the German Evangelical Society of St. Cloud, Minn., from an order of the district court, Stearns county, *Searle,* J., made September 4, 1891, refusing a new trial.

*George H. Reynolds,* for appellant, cited *Trustees of East Norway Lake N. E. L. Church* v. *Halvorson,* 42 Minn. 503; *Fadness* v. *Braunborg,* 73 Wis. 257; *Lucas* v. *Case,* 9 Bush, 297; *Landis' Appeal,* 102 Pa. St. 467; *Ehrenfeldt's Appeal,* 101 Pa. St. 186.

*D. W. Bruckart,* for respondent, cited *McGinnis* v. *Watson,* 41 Pa. St. 9; *Sutter* v. *Trustees of the First Reformed Dutch Church,* 42 Pa. St. 503; *Mt. Zion Baptist Church* v. *Whitmore,* 83 Iowa, ——; *Hale* v. *Everett,* 53 N. H. 9.

GILFILLAN, C. J. In many of its features this case is like *Trustees of East Norway Lake N. E. L. Church* v. *Halvorson,* 42 Minn.

503, (44 N. W. Rep. 663.) The action is ejectment, to recover real estate of the plaintiff. The defénse is that the defendants constitute the corporation, and that three of them are its trustees. If this be true, their possession is that of the corporation, and consequently they are not withholding the real estate from it. If it be not true, and if the three persons named in the complaint be the legal trustees, then excluding them from the possession is withholding it from the corporation. Therefore, to determine whether the defendants withhold the property from the corporation, it is necessary to determine whether their possession is that of the corporation; that is, whether those named as trustees in the answer are the legal trustees. Those named in the complaint were legally elected trustees, and were such at the commencement of the action, unless they had, by ceasing to be members of the religious society, ceased to be members of the corporation. It appears that after they were elected differences arose in the society upon matters of doctrine, and that the defendant Henschell, a minister, who had not been elected as a pastor by the society, but had come or been sent to it at the suggestion or request of some of the members, the society having then a duly-elected pastor, gave notice of a meeting to elect trustees. (The constitution provides that they shall be elected at a regular meeting, and it appoints only one, to wit, for the first Monday in January in each year.) In response to this notice, a minority of the society came together, and, apparently on the assumption that by reason of heresy the elected pastor had ceased to be pastor, the elected trustees had ceased to be such, and the majority of the members had ceased to be members, and that they (the persons so meeting) were the only members of the society and corporation, they proceeded to elect as trustees the three persons named as such in the answer. When membership in a religious corporation depends on membership in the congregation or religious association, the courts, in order to determine the right to be a member of the corporation, must determine on membership in the congregation; and it must do this by the rules which the congregation has adopted for its membership. If the rules make adherence to particular doctrines a condition of membership, the re-

jection of those doctrines ought to determine a member's right to remain in the congregation, or, if it do not, *ipso facto*, operate to exclude him, it would certainly be good reason for his expulsion.

The referee found as facts "that, prior to the time of the commencement of this action, the said Julius Poepke, Ernst Beutler, and Ernst Fahrenholtz, together with other members of said society, abandoned and repudiated the doctrines and practices of said society, and separated therefrom, and at and prior to the time of the commencement of this action were using, and attempting to use, the property of said society, described in the complaint herein, in the teaching and promoting the doctrines of the Evangelical Lutheran Church, so called." Necessarily based on that is his conclusion of fact that the defendants are lawfully in possession.

There is no evidence to sustain the above-quoted findings. September 21, 1883, the congregation adopted a constitution, which its members are required to sign. On the same day it organized as a corporation. Article three (3) of the constitution sets forth the rule of doctrine required of members as follows: "Art. 3. We acknowledge the Holy Scriptures of the Old and New Testament as the word of God, and as the only and infallible guide to faith and life, and adhere to the interpretation of the Holy Scriptures as laid‧down in the symbolical books of the Lutheran and Reformed Churches, which are the Augsburg Confession, the Heidelberg Catechism, and Luther's Catechism, as far as the same may agree. Wherever the same may differ, we confine ourselves on all disputed points solely to the Holy Scriptures, and reserve unto ourselves that freedom of conscientious views ever recognized by the Evangelical Church." In no other part of the constitution is any qualification for membership, as regards belief in or adherence to religious doctrine, stated. That article furnishes the test, so far as doctrine is concerned, of right to remain a member of the congregation. That test is acceptance of the Holy Scriptures as the word of God and only infallible guide to faith and life, and adherence to the interpretation thereof laid down in the three symbolical books mentioned, so far as they agree. And, where those books disagree on an interpretation, each member is at liberty to adopt the interpretation in

any one of them, or any other that may commend itself to his con-
science. It appears that the Heidelberg and Lutheran catechisms
differ in the interpretation of some passages of scripture, and espe-
cially in regard to baptism and the Lord's Supper. According to the
constitution of this society any member might adopt the interpre-
tation of either without affecting his standing as a member. The
only charge which we find in the evidence could be made against the
pastor who had been elected, and the majority members who agreed
with him, is that they adopted the interpretation in the catechism
of Luther, which the constitution permitted them to do.

Order reversed.

(Opinion published 51 N. W. Rep. 477.)